The Special Verdict in this Case is very imperfect and In-certain so that no Title in the Pit. can be Collected from it, But the Case is thus, Richard Alderson was possessed of several *R37 Negroes in the Decl. mentioned and made his last Will and Testam’t in these words (dated 16th Sep’r 1695) “ My Will is “ that Margaret my Wife shall be Sole possessor and disposer “ of all and every part of what Estate it hath pleased Almighty “ God to endue me withal, during her Life, providing she keep “ herself unmarried, or in Case she do marry again, that she “ nor her Husband, or any Person or Persons in their behalf “ by any means or Instrum’ts to Imbezel or make waste of the “ s’d Estate to any Indemnity to my Children.” Then by another Clause he gives his whole Estate Chatel and Chatels to his Son Richard, please God he lives &c.
[147] Margaret after her Husbands death married the Pit. who left her and carried off several of the Slaves and as it is say’d marryed one of them and has several Children by her.
Margaret died and Richard Alderson the Son took the Negro’s in the Decl. mentioned and sold them to the Defend’t.
And the Question will be Whether the Rem’r of Negroes which are at the time of the Testors death Chattels (first given to Margaret for Life be a good Rem’r to Richard
And I think clearly it is
The Devise that his Wife should be sole possessor of his Estate during her Life, if it had gone no farther it wou’d have been construed as to Chattels no more than the Devise of y’e use and in that Case without doubt a Remainder might by the Rules of Law be Limitted over But when he goes on and says she shall be sole possessor and disposer of every part of his Estate during her Life it may be a question whether it be not the same as if he had given his Estate to his Wife for Life Rem’r over
And admit it to be so yet the Rem’r will be good, and Richard had a good right to the Negroes after his Mothers death. There is a difference taken in the old Books, where the thing it self is Devised, a Devise over is void But where only the use is Devised to one for a cert’n time it is otherwise And the principal Case to this purpose is 37. H. 6. 36. Bro. Abr. Title Devise pi. 13. upon which several other Resolutions have been built viz. Plowd. 521. b. Owen. 33. Marsh. Rep. 106.
But these Authorities are certainly too rigid in the Case of a Will where a Construction ought to be made as far as the Law will admit that the Intention of the Testor, may take place, for a Man upon his death Bed being supposed to be inops consilii, *R38 the Judges'will so Expound his Words that the whole Will may stand and take effect
And as to the Case here of latter times it has often been resolved upon great debate contrary to the old Books and at this Day the Law is not so Strict as it was formerly taken to be in the Disposition of Personal Chattels. For instance In the Case of Catchmay and Nicholas A’o 1673. where one Devised all his Estate to his Sister during her Life and after her decease he gave 400;£ a piece to his four Neices which Estate Consisted of Personal Things, there it was insisted that the Legacy to the Neices was void, it being the Devise of the Rem’r of a Personal Thing after the death of another to whom it had been already given
The Master of the Rolls referred this point to Justice Ellis [148] for his Opinion, which was that the Remainder was good, and it was so Decreed at the Rolls, And upon an Appeal to the Lord Keeper the Decree was affirmed, Lord Nottinghams Rep’ts 116. for the first Devise shou’d be construed a Trust
Sr. Tho’s Charges Case A’o 1691. Nelsons the old Duke of Albemarle Devised his Jewels and Plate to his Wife for Life and afterwards to his Son Christopher which was a plain Devise of a Chattle personal with a Remainder, And the Master of the Rolls held this should be Construed a Devise of the use of the Jewels in Order to Support the Will and Intention of the Testator
S. C. is reported 2. Vern. 245. And the Lord Chancellor Decreed Accordingly, And the Remainder to the young Duke was held good.
In the Case of Hide and Perrot 2. Vern. 331. The Pits, father Devised to his Wife all his Household Goods in his dwelling house at Heddesden during her natural Life, and after her decease to his Son Joseph And the Question was Whether the Devise over of these personal Chattels was good or not.
The Lordkeeper held that the Devise over was good, for as to the Personal Chattels the Civil and. Common Law is considered, and there the Rule is, Where personal Chattels are Devised for a Limitted time it shall be Intended, the use of them only, and not the Devise of the Thing itself, And therefore allowed the Rem’r over to be good.
These Cases were determined upon Solemn Arguments and are conformable to the Resolutions in several other Cases cited in the Reports They come up expressly to the Case at Bar, and *R39 there can be no Question but According to them Richard had a good right to the Negroes now in Question.
And it was Adjudged for the Deft.